IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

DONALD CROWDER, :
:
          Petitioner, :
:
v. :
: No. 7:18-cv-00065-HL-TQL
LOWNDES COUNTY :
SUPERIOR COURT, :
:
          Respondent. :
_____:

## ORDER

Citing 28 U.S.C. § 1443, Petitioner Donald Crowder seeks to "transfer" to this Court a criminal case pending against him in the Superior Court of Lowndes County, Georgia. Pet. for Writ of Habeas Corpus, ECF No. 1.[1] Under § 1443, criminal defendants are entitled to remove their state criminal cases to federal court under very limited circumstances. In particular, § 1443(1) provides for removal when a case is pending "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all

---

[1]Although this case was docketed as a petition for a writ of habeas corpus, a review of the petition demonstrates that Petitioner is seeking removal, rather than habeas corpus relief. Additionally, the Court notes that Petitioner has not paid a filing fee or sought leave to proceed *in forma pauperis*. Because filing fees are not required for removal of a criminal action under § 1443, it is not necessary to grant Petitioner *in forma pauperis* status in this action. *See Lefton v. City of Hattiesburg, Miss.*, 333 F.2d 280, 285 (5th Cir. 1964).

persons within the jurisdiction thereof."[2]

In *Georgia v. Rachel*, 384 U.S. 780, 792, 799, 803 (1966), the Supreme Court held that a case may properly be removed under § 1443(1) if the notice of removal satisfies a two-prong test. "First, the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001) (quoting *Rachel*, 384 U.S. at 792). "Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts." *Id.* (citing *Rachel*, 384 U.S. at 794).

Under the first prong, "[t]he phrase 'any law providing for . . . equal civil rights' refers to laws 'providing for specific civil rights stated in terms of racial equality,' and does not include rights of 'general application available to all persons or citizens.'" *Id.* (quoting *Rachel*, 384 U.S. at 792). In his filing, Petitioner asserts that he has been denied due process in his criminal trial because he has been unable to have the expert of his choosing testify on his behalf, and thus, has been unable to present critical evidence. Pet. 3-4, ECF No. 1. Petitioner also broadly asserts that he has been denied equal protection of the law. *Id.* at 4.

These rights, however, do not arise from federal laws providing for specific civil rights in terms of racial equality; instead, they are rights that are available to all persons or

---

[2] Removal is only permitted under § 1443(2) for "federal officers or agents . . . in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966). Petitioner has not alleged that he is a federal officer, employee, or agent. Therefore, he may not remove his criminal case under 28 U.S.C. § 1443(2).

2

citizens. *See Rachel*, 384 U.S. at 792 ("[D]efendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all person or citizens, rather than in the specific language of racial equality that § 1443 demands."); *Conley*, 245 F.3d at 1295-96 (holding that a defendant's "broad assertions" under the Equal Protection Clause are insufficient to support a valid claim for removal under §1443). As a result, Petitioner's removal petition does not satisfy the first prong of the *Rachel* test, and therefore, his case is not removable under § 1443.[3]

Accordingly, the Court concludes that removal is inappropriate and that this Court therefore lacks jurisdiction. *See* 28 U.S.C. § 1455(b)(4) ("If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."). Petitioner's motion is therefore **DISMISSED**.

**SO ORDERED**, this 22nd day of May, 2018.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

---

[3]Because Petitioner did not satisfy the first prong of the *Rachel* test, the Court need not address the second prong. Additionally, remand is appropriate in this case because Petitioner has failed to follow the proper procedures for removal, which are found at 28 U.S.C. § 1455. Specifically, § 1455(a) provides that a criminal defendant seeking removal must attach "a copy of all process, pleadings, and orders served upon such defendant" to his notice of removal. Petitioner has failed to attach any such documents. Petitioner has also failed to allege that he is within the time restraints for removal provided under 28 U.S.C. § 1446(b)(1).

3